[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2012
JOHN LEY
CLERK

No. 11-14291
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60018-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MINOR BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2012)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Minor Brooks appeals his convictions for two counts of possession with

intent to distribute twenty-eight grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 851.  On appeal, Brooks argues that the prosecutor engaged in misconduct during closing argument by misstating the law on the defense of entrapment.

We review de novo claims of prosecutorial misconduct.  United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006).  To establish prosecutorial misconduct, a defendant must demonstrate that (1) the prosecutor's remarks were improper and (2) the remarks prejudicially affected his substantial rights.  Id.  "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different.  When the record reveals sufficient independent evidence of guilt, any error is harmless."  Id. (citation omitted).

Brooks argues that the government misstated the law on the defense of entrapment when it said: "we don't have to show that [Brooks] was predisposed on the date in October when he was first called" by the government informant.[1]  We agree that this was improper.  The Supreme Court has clearly held that when a defendant raises the defense of entrapment, "the prosecution must prove beyond

_____

[1] Brooks also points to other statements that the government made during closing argument regarding the entrapment defense, but only in an effort to show that this first statement was not harmless.

2

[a] reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson v. United States, 503 U.S. 540, 549, 112 S. Ct. 1535, 1540 (1992) (emphasis added).

We are not persuaded, however, that this misstatement prejudicially affected Brooks's substantial rights. First, after closing argument, as part of its final jury charge, the district court instructed the jury that

> If you should find beyond a reasonable doubt from the evidence in the case that before anything at all occurred respecting the alleged offenses involved in this case the defendant was ready and willing to commit crimes such as charged in the Indictment whenever opportunity was afforded and government officers or their agents did no more than offer the opportunity, then you should find the defendant is not a victim of entrapment.

> On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find him not guilty.

(Emphases added.) This charge correctly pinpoints the time for which the jury was required to make its finding on predisposition. See Jacobson, 503 U.S. at 549, 112 S. Ct. at 1540.

We are mindful that the district court's decision to overrule Brooks's objection might have given the impression that the government correctly stated the law. Our review of the record persuades us, however, that the district court

3

dispelled any potential confusion when, in response to a jury question about the law of entrapment, it directed the jury to refer to its final charge. Given that the jury was also repeatedly told that it had to follow the law as explained by the court, and given that "[w]e generally presume that jurors follow their instructions," United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011), we conclude that the government's misstatement on that issue of law was harmless.

Second, there was ample evidence by which the jury could find that Brooks was predisposed to commit the offenses with which he was charged. There was evidence that, after he was arrested for the alleged offenses, he told the law enforcement officer that "he buys approximately seven grams of crack cocaine at a time" and that "he just wanted to go to jail." There was also evidence that on two previous occasions, Brooks had sold crack cocaine to law enforcement officers working undercover. The judgments of conviction that arose from those two incidents were admitted into evidence, and thus known to the jury. In view of all of this, we conclude that the government's misstatement did not prejudicially affect Brooks's substantial rights.

**AFFIRMED.**

4